# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 29, 2022

Lyle W. Cayce
Clerk

No. 21-60390
Summary Calendar

Fatima Del Carmen Gomez-Zelaya,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 273 137

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:*

Petitioner Fatima Del Carmen Gomez-Zelaya, a native and citizen of El Salvador, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing her appeal from a decision of an Immigration Judge (IJ). The IJ concluded that Gomez-Zelaya was ineligible for asylum,

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60390

withholding of removal, and relief under the Convention Against Torture (CAT).

She contends that the BIA erred in analyzing her claims for asylum and withholding of removal by, among other things, concluding that her proposed particular social group (PSG) is not cognizable. "Asylum and withholding of removal claims, in part, turn on . . . whether a group constitutes a cognizable" PSG. *Gonzales-Veliz v. Barr*, 938 F.3d 219, 228-9 (5th Cir. 2019). Gomez-Zelaya has not shown error in the BIA's determination that her proposed PSG — Salvadoran women who fear violence and delinquency in their home country — is not a cognizable group. *Id.* at 229, 232. Her proposed PSG "lacks particularity because broad swaths of society may be susceptible to victimization." *Id.* at 232 (quotation marks omitted). The failure to assert a cognizable PSG dooms her claims for asylum and withholding of removal so we need not evaluate the other errors she raises relating to these claims. *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

As for her CAT claim, Gomez-Zelaya did not raise before the BIA the IJ's and BIA's purported failure to (1) address evidence pertaining to gang activity and the possibility of future mistreatment (2) elucidate evidence, and (3) meaningfully address why she was not entitled to CAT relief. She has not exhausted these claims because she did not give the BIA an opportunity to consider them. *Martinez-Guevara v. Garland*, 27 F.4th 353, 360 (5th Cir. 2022). We therefore lack jurisdiction to consider these issues. *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004); 8 U.S.C. § 1252(d)(1).

However, the BIA did consider her CAT claim evidence showing that Salvadoran authorities acquiesce in human rights violations. This issue is exhausted because the BIA considered its merits. Thus, this court does have jurisdiction to address that claim. *Mirza v. Garland*, 996 F.3d 747, 753 (5th Cir. 2021). We are convinced that the BIA did not err in concluding that

2

Gomez-Zelaya has not shown that "it is more likely than not that she will be tortured if she returns to her country of origin." *See Martinez-Lopez v. Barr*, 943 F.3d 766, 772-73 (5th Cir. 2019).

Gomez-Zelaya's petition for review is DENIED IN PART AND DISMISSED IN PART.